# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID SADDY,

    Plaintiff,

v.                          Case No. 07-C-421

MATTHEW J. FRANK,
DODGE CORRECTIONAL INSTITUTION,
JANE/JOHN DOE WARDEN OF DODGE
CORRECTIONAL INSTITUTION,
COLUMBIA CORRECTIONAL INSTITUTION,
JANE/JOHN DOE WARDEN OF COLUMBIA
CORRECTIONAL INSTITUTION,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. #3), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. #5) AND GRANTING PLAINTIFF ADDITIONAL TIME UNTIL JULY 6, 2007, TO FILE AN AMENDED COMPLAINT**

On May 8, 2007, plaintiff David Saddy, a state prisoner, lodged a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis* and motion for the appointment counsel.

## I. PETITION TO PROCEED IN FORMA PAUPERIS

The plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete

a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. *Id.*

In this case, the plaintiff has submitted a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner was assessed an initial partial filing fee of $12.96 which he paid on May 17, 2007.

The court is obligated to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this

2

standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff is currently an inmate at the Kettle Moraine Correctional Institution. However, his complaint concerns events which occurred while he was held at the Dodge Correctional Institution (DCI) between June 23, 2003 and September 2003, and at the Columbia Correctional Institution (CCI) between September 2003 and February 24, 2005. (Complaint at ¶¶ 1A and 2A.) Plaintiff names as defendants Matthew J Frank, the Secretary of the Department of Corrections, Dodge Correctional

3

Institution, Jane/John Doe Warden of DCI, Columbia Correctional Institution and Jane/John Doe Warden of CCI. The plaintiff does specify whether the defendants are sued in their individual or official capacities.

The allegations in plaintiff's unsworn complaint are rather cryptic. He states that he has attached various physician's orders, progress notes and medical and laboratory records which demonstrate that he had a serious medical need. Plaintiff does not specifically allege the nature of his medical condition. The plaintiff should not expect the court to analyze these medical records in an attempt to ascertain exactly which condition or conditions constitute a serious medical need. The plaintiff will be given an opportunity to be more specific in an amended complaint.

His allegations concerning the unconstitutional nature of the treatment he received are largely unintelligible. For instance, he alleges that DCI "contract[s] away it [sic] care were agency's (medical staff) received money for cutting cost of treatment of prisoner's medical staff's received more money for those cuts." (Complaint at 4.) In addition, he contends that "the undisputed factual evidence (exhibit #E threw [sic] #I) will support that the municipal practice by each institutions allow and authority violating both constitutional rights and municipality policy's were these acts/action are traceable back to the disregard of the conquences [sic] for violating those policy's and constitutional rights." (Complaint at 7.)

As relief, plaintiff seeks "punitive damage[s] in the amount of the insurance policy between the State Department of Corrections & Corrections of Corporation of America for the amount of 2 threw [sic] 5 Million dollars," "[a]ctual damage[s] in the amount of each contracts for stoping [sic] the enforcement of treatment/cutting medical service of prisoner's" and "[c]onsequential damage[s]

4

in the amount of stoping [sic] if any contracts which is found to be unconstitutional for the care of prisoner's by each institutions." (Complaint at 8.)

Plaintiff alleges that the defendants violated his rights under the Eighth Amendment in connection with his medical treatment. Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. A reading of the complaint indicates that plaintiff is alleging that medical staff received money for cutting costs associated with the medical treatment provided to prisoners and that he suffered harm as a result of these actions. Liberally construed, these allegations arguably state an Eighth Amendment medical treatment claim. However, to the extent that plaintiff is making claims on behalf of other inmates, the court notes that he lacks standing to prosecute those claims. *See Shimer v. Washington*, 100 F.3d 506, 508 (7th Cir. 1996) (a plaintiff may only assert his own legal rights, not the legal rights of other inmates).

Furthermore, the court notes that the plaintiff brings this action against the DCI and CCI as well as against individual state officials – the Secretary of the Wisconsin Department of Corrections and the wardens of both DCI and CCI. It is well settled that under the Eleventh Amendment "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Employees v. Missouri Public Health & Welfare Dept.*, 411 U.S. 279, 294 [1973]). The

5

Eleventh Amendment bars actions in federal court by private parties seeking to impose liability which must be paid from public funds in the state treasury. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Thus, the Eleventh Amendment precludes damage suits against states, state agencies, or state employees acting in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000); *Higgins v. Mississippi*, 217 F.3d 951, 953 (7th Cir. 2000); *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997). As a result DCI and CCI will be dismissed from this action. In addition, the official capacity claims against the remaining state officials will also be dismissed.

Suits against state employees in their individual capacities are not barred by the Eleventh Amendment. However, the plaintiff does not provide sufficient information to allow the court to determine which of the named defendants were personally involved in the alleged deprivations. Indeed, none of the defendants are even mentioned in the body of the complaint.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.*

If the plaintiff wishes to proceed on his medical treatment claim, he must file an amended complaint curing the deficiencies noted above. He must specify the nature of his serious medical condition(s) for which the defendants exhibited deliberate indifference. He must also identify the individual defendants and specify the manner in which their actions, or failure to take action, violated

his constitutional rights. Such amended complaint must be filed on or before July 6, 2007. Failure to file an amended complaint within this time period will result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Board of Ed. of Franklin Park Public School District No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (citations omitted).

## II. MOTION TO APPOINT COUNSEL

The plaintiff has moved for the appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. This court appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.* Once this initial

7

requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. The plaintiff should provide the court with the names and addresses of three counsel he has contacted. Accordingly, the plaintiff's request for appointment of counsel is denied.

NOW, THEREFORE,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #5) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Dodge Correctional Institution and Columbia Correctional Institution are dismissed from this action.

**IT IS FURTHER ORDERED** that the official capacity claims against the remaining individual defendants are dismissed.

**IT IS FURTHER ORDERED** that the plaintiff may file an amended complaint on or before **July 6, 2007.** If the plaintiff does not file an amended complaint by July 6, 2007, this case will be dismissed.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's trust account the $337.04 balance of the filing fee by

collecting monthly payments from the plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2007.

BY THE COURT

C.N. Clevert, Jr.
United States District Judge