# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID SADDY,

      Plaintiff,

     v.                              Case No. 07-C-421

MATTHEW J. FRANK,
JANE/JOHN DOE WARDEN OF DODGE
CORRECTIONAL INSTITUTION,
JANE/JOHN DOE WARDEN OF COLUMBIA
CORRECTIONAL INSTITUTION,

      Defendants.

ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT AND
ORDER DISMISSING THIS ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)
AND 1915A(b)

      Plaintiff, David Saddy, who is proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the above-named defendants as well as the Dodge Correctional Institution (DCI) and the Columbia Correctional Institution (CCI). By order of June 8, 2007, the plaintiff has been granted leave to proceed *in forma pauperis* and the court has concluded that the complaint arguably states an Eighth Amendment medical treatment claim. However, the court has dismissed defendants DCI and CCI because the plaintiff's claim for monetary damages from these defendants is barred by the Eleventh Amendment. The official capacity claims against the remaining state officials were dismissed on these grounds for the same reasons. With respect to the individual capacity claims against the state officials, the court advised the plaintiff that his complaint "did not specifically allege the nature of his medical condition" and "did not provide sufficient information to allow the court to determine which of the named defendants were personally involved in the alleged

deprivations." *Saddy v. Frank*, Case No. 07-C-421 at 4 and 6 (E.D. Wis. June 8, 2007) (Doc. #8). As a result, the plaintiff was granted leave to file an amended complaint to cure the deficiencies of his original pleading with respect to the individual capacity claims against the state official defendants.

The amended complaint was filed on July 9, 2007.[1] Thus, the court will screen it in accordance with 28 U.S.C. §1915A(a). The court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Therefore, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only

---

[1] The amended complaint was to have been filed by July 6, 2007. *See Saddy v. Frank*, Case No. 07-C-421 (E.D. Wis. June 8, 2007). (Doc. #8.) Like the original, the amended pleading is not verified in accordance with 28 U.S.C. § 1746.

2

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

As a preliminary matter, the court notes that the amended complaint again names the DCI and CCI as defendants. Those defendants were dismissed on June 8, 2007, as were the official capacity claims against the individual state defendants based on the immunity provided by the Eleventh Amendment. Like the original pleading, the amended complaint seeks monetary damages only. Thus, for the reasons stated in the June 8, 2007, order, the official capacity claims made against the individual state officials as well as the claims made against the DCI and CCI will be dismissed, with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

3

As to the individual capacity claims against the state official defendants, a review of the amended complaint reveals that the plaintiff has failed to cure the deficiencies noted in his original pleading. While he is confined at the Kettle Moraine Correctional Institution, he alleges that the defendants violated his rights under the Eighth Amendment in connection with the medical treatment he received while he was held at the DCI between June 23, 2003, and September 2003, and at the CCI between September 2003 and February 24, 2005.

Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05.

The plaintiff was advised in the June 8, 2007, order that to cure the deficiencies of his original pleading, he needed to "specify the nature of his serious medical condition(s) for which the defendants exhibited deliberate indifference" and he "must also identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights." *Saddy v. Frank*, Case No. 07-C-421 (E.D. Wis. June 8, 2007) (Doc. #8). With respect to his obligation to identify the nature of his serious medical condition, plaintiff again merely points the court to exhibits ## A-I (various physician's orders, progress notes and medical and laboratory records) which were attached to his original

4

pleading.² As previously noted by the court, "[t]he plaintiff should not expect the court to analyze these medical records in an attempt to ascertain exactly which condition or conditions constitute a serious medical need. Despite being given an opportunity to be more specific, the plaintiff failed sufficiently to allege the nature of his medical condition. In the absence of such information, the plaintiff has not given the defendant fair notice of what his claim is or the grounds upon which it rests. *See Erickson*, 127 S. Ct. at 2200.

As to the requirement that the plaintiff indicate the manner in which the individual state officials were personally involved in violating his constitutional rights, the plaintiff was advised that

> Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.*

*Id.* at 6. Nevertheless, the plaintiff persists in alleging that the individual state officials are liable solely because they are "authority decisionmakers" and, as such, they are "responsible for the acts or action of its emplyee [sic] who's [sic] acts or action show and are traceable back to a intentional/intention/reckless disregard of consequence of violating prisoners [sic] right and policy. . . ." *Id.* at 2, 3, and 5. Additionally, he makes the following cryptic assertions regarding the defendants' involvement:

---

² The plaintiff did not include a copy of these exhibits with the amended complaint and Civil Local Rule 15.1 prohibits the practice of incorporating any prior pleading by reference. Nevertheless, the court believes the plaintiff's *pro se* status warrants incorporation of these exhibits into the amended pleading.

5

> While under their custody at the time herein as responible [sic] for acts or action of its employee were [sic] municipal policy or practice causes an employee to violate a prisoner right. Where the effect of the municipal policy authority deision-maker [sic] for the municipality makes a decision on behalf of the municipal or municipality that deprived a prisoner of federal right. The record demonstrates that the defendants named above is [sic] responsiable [sic] for acts or action of its agencys [sic] while on grounds of eah[sic] institutions.

Such charges fall short of establishing the requisite personal liability contemplated under § 1983. Hence, despite his opportunity to cure the deficiencies of the original pleading, the plaintiff's amended complaint does not contain allegations which, if accepted as true, would establish that the named defendants were involved personally in the constitutional deprivations of which he complains.

Now, therefore,

**IT IS ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and (2).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action which was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and (2).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $325.64 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U.S. District Judge